This time we'll hear United States v. Huntley. Thank you. Good morning. Good morning. Thank you. The essence of the case is very simple. The government sought a tactical advantage in choosing a particular judge and by writing a letter to both judges, Sullivan and Averins. How did they choose a particular judge? I'm not clear on that part. I thought they wrote a letter to both judges. They did. And they didn't recommend that the case be reassigned to a particular judge. Well, they said they were related in nature. Yes. And they also knew that... I mean, I'm not saying that there might not be a problem there, but I don't see a recommendation or a choosing of a particular judge. No, there isn't a recommendation. By the government. That's why I used the word nudge. I mean, I didn't say they did that. So they know that Judge Sullivan had expressed views of what would happen if Mr. Huntley ever came back to him on a violation. He repeated those views when Mr. Huntley was arraigned on the VOSR. Right. And if you look at the sequence of events... And he was going to go before him for a violation. Yes, and we don't complain about that. There is no, don't contest that. Is it all that unusual? I'm sorry? Is it all that unusual to warn somebody... No. ...that they should not violate supervised release of serious consequences? Absolutely. That's common. Many judges say that and I've said that in my brief. What is in common... Isn't that a service to somebody to say, do not violate supervised release or you'll be sorry? It seems to me that's a really useful thing to tell somebody. Absolutely. I don't contest that. So what's wrong here? There's nothing wrong with what the judge said in that instance. What is uncommon in this case is that the judge who has the VOSR then consolidates that with the indicted case. That's rare. Is that really rare? Yes. So if you've got a VOSR and an indicted case that relies upon the same conduct as one, at least one of the specifications, there's frequently a consolidation of the sentencing of the two, I think. That's not your experience? No. My experience is that it's hard to have a database to do this empirically. But what is much more common in my experience is that the judge who has the substantive count, the indicted case, takes the VOSR because the outcome of the indicted case controls the VOSR. And that's perfectly fine? Yes. Even if it had arisen from the same set of circumstances, which is a letter notifying both judges, then the transfer of the VOSR to the judge with the indicted case, that direction would have been perfectly fine? Well, I think it would have been fine for the defense. I mean, I'm not giving away a trade secret to say that people have views of which judges are more favorable to one side or the other. I mean, that's fine. That's our job to do, and to the extent we can promote that, we do. It's just that this is a case, if you look at the sequence of events, it wasn't written to the assignment committee. I mean, I don't know what happened afterwards, but if you look at the sequence of events, on the 18th . . . It went to the assignment committee. I'm sorry? It went to the assignment committee. Well, so what happened is, as I understand it, so on July 18th, the VOSR is arraigned before Judge Sullivan. On the 20th, the firearm case . . . I'm sorry. Yes, and the firearm case is assigned to Judge Abrams. The government writes the letter on the 21st, and then by the 26th, both cases are reassigned to Judge Sullivan. I don't know what happened. There's no transparency in the assignment committee. My guess is they . . . Who took the plea in the firearms case? Who took the plea in . . . The firearms case. Judge Sullivan. Judge Sullivan did. So, as soon as the indictment was filed, the government wrote its letter. Is that right? Right, and not to the assignment committee. They wrote to the two judges. There was no communication, as far as I know, to the assignment committee. So, part of the purpose, as I understand it, of random assignments is it doesn't permit either side to have an advantage or to seek a forum shopping. So, something obvious . . . Again, my . . . Is there a problem with consolidating the case, apart from the judge, whichever judge it went to? I don't think there's a problem, but it circumvents the random nature of assignments, if it is prompted by a suggestion from one party or the other. Do you believe that there was a level of partiality with Judge Sullivan that would have led to, or should have led to, or could have led to, recusal? No. So, the only issue is that during the initial sentencing, he said, if you violate, I'm going to give you the twelve months I'm taking off right now. Well, and he also said that, again, on the arraignment on the VOSR, and at least you never can tell what another judge would have done, but at least in this case, put aside the VOSR. He was going to max him, and I anticipated that. I didn't do the case below, but that certainly was reasonable to anticipate. But what was unusual in the case is where the probation recommended 30 months for the firearm count, not only did he give 36 months, but he then added six months home confinement, which is a much harsher sentence. It was also above the government's recommendation, which recommended 12 months on the vehicle. Six months home confinement in addition? In addition. So, it's not being in Fort Dix, but it's certainly a form of confinement. So, it was a total of 60 months in prison with the VOSR? Yes. 24 months there. Sixty months in prison plus six months home confinement at the end of that, as opposed to where the government had recommended 12 months on the VOSR, 36 months on the substantive count for a total of 48 months by my count. So, there was at least potentially a harsher sentence that was imposed, and again, maybe Judge Abrams would have done the same thing. But it certainly, if part of the purpose of the random assignment is to promote the appearance of impartiality. So, what is the legal basis for your claim? Because I think the local rules permit this. And there's a disclaimer in the local rules that no action can be based on that, at least that they're not intended to be the source of any rights. Absolutely. So, what is the actual, what is your claim here? What's the legal basis? So, the legal basis are twofold. One is this court has supervisory power over something, over the assignments, if it believes it to be unfair or lacks partiality. Second, there is certainly a dual. Lacks partiality. Is that what you're saying? It's not impartial. I'm sorry, I misspoke. Not impartial, but there's no right to, there's no, I think you've conceded the fact that there's no recusal basis here. Absolutely. But the circumvention of the random assignment rule is evidence of forum shopping. Not that in and of itself it is a right a defendant has to claim, but it is a basis to argue, as I have, that there is a circumvention of it. So, and also there is, you know, there is an occasion I cited . . . Do you know whether, has anybody, maybe I should ask the other side this, how frequently this occurs and whether or not there has been, what the policies are with regard to this at the U.S. Attorney's Office? That you'd have to ask them, but I certainly know from my experience and my colleagues' experience, it doesn't happen in every case. It may happen in some. Usually there is consent. This was not an instance, this just came out of the blue. But I don't know the policy and I certainly don't have the basis to, you know, guess at it. We'll hear you on rebuttal. Thank you. May I please the Court? Carl Metzner on behalf of the government. With respect to your question, Judge Walker, it's the practice of our office to advise judges in situations just like this when a defendant is appearing before two judges on the same type of matter with the same underlying facts. And that is all the government did here. We wrote a letter. The letter said to each judge, this is what's pending in front of you. That's all. The government did not request any relief. The government did not suggest that anyone do anything. All we did was let the judges know if they, in the exercise of their efficiency, wish to do something to put one of these cases before another judge, if they felt it was appropriate to do so, all we're doing is letting the judges know of the existence of the case. That's it. Nothing more. Let me ask you this. Is there any mechanism, as far as you know, in the district court itself for the sharing of this information? Or is this the only way they will find out about it? I'm certain they could find out, Your Honor. And, of course, the records . . . Well, I mean, one could look for it, but, you know, I suppose. In other words, somebody who has the V.O.S.R. situation, then the judge who has that could look to see who actually is assigned the underlying indictment on that. Of course, Your Honor. In fact, that's probably what would have happened here. In the initial appearance on the V.O.S.R., defense counsel for Mr. Huntley tells Judge Sullivan the first specification relates to a charge pending here in district court. He was arrested on that last week. This is the defense counsel telling Judge Sullivan about this. There are no secrets here. There's no surprise to this. All the government is doing is providing further information to both judges to do with whatever they wish. And, as we point out in our brief, what they may wish to do is any one of three different things. They may choose to do nothing, and each judge may keep the case they have. They may choose to send the whole case to the judge with the indicted case, or they may do as they chose to do here and send both cases to the judge with the violation proceeding. Is there a particular . . . Go ahead. I'm sorry. When you say they, you're talking about . . . I mean, after the letter was sent, the judges could have conferred. They didn't do that. It went to an assignment committee. Is that right? I don't know exactly. What we do know from Judge Sullivan's order is that he reports that the assignment committee, and I should read it directly. It's on page 175. The assignment committee formally reassigned this case from Judge Abrams. I don't know. There's nothing in the record referring a discussion between Judges Sullivan and Abrams. As far as . . . Before you just referred to they, it involved the assignment committee in addition to the two judges in this case. That's correct, Judge. When I say they, I meant the court in general. That is the information to the judges who are involved to do with as they wished so that they would know that these two matters are both pending in the Southern District before different judges of the same court and can choose to do something if they wish. That's all the government has done. I would like to point out that the examples that we quote in our brief show that all three of these scenarios that I have described have all occurred when such letters have been sent. The suggestion that Mr. Weinstein is making that the government was lobbying for one result or another is not only not borne out by the record in this case, but is contradicted by historical practice. Was there a particular issue in this case . . . Actually, let me back up. Under the statute, under 18 U.S.C. 3583, which will govern the issues with supervised release and the sentencing on a VOSR, not all of the 3553A factors are to be taken into consideration. You would agree with that, of course. Absolutely right, Judge. One of the factors that is not to be taken into consideration is the seriousness of the underlying conviction. It's supposed to be the seriousness of the violation itself and then a series of other 3553A factors, right? Yes, you are. Okay. So if we've got a situation where Judge Sullivan then, when the transfer occurs in that direction towards him and he imposed the 12 months as part of the violation for supervised release, based upon his view as to the seriousness of the underlying offense of conviction, did that end up, because of the direction of the transfer, did that end up resulting in an infirmity? In other words, sometimes using your examples, the transfer can happen in the other direction, it's perfectly fine. But if it happens in this direction towards the violation and the 3553A factors are all considered as part of that, does that result in a particular problem here? No, Your Honor, because the record reflects that Judge Sullivan very carefully distinguished between his concern over Mr. Huntley's violation conduct, how disappointed he was. He used the word disappointment multiple times in the transcript, that Mr. Huntley, despite the warning that we've discussed here today, despite the warning in his original sentence that Judge Sullivan said he was being lenient, giving Mr. Huntley another opportunity to get his life straightened out, but instead Mr. Huntley got out of jail, immediately started violating by abusing drugs, having firearms, and then acting by using the gun and shooting it in a public space in the Bronx. The disappointment and the breach of trust that Judge Sullivan pointed to is what led to specifically his 24-month sentence, and he says that in the record. Then he looks at the guideline range for the indicted conduct to which Mr. Huntley pled guilty, the possession of the firearm, a range of 30 to 37 months, and he decides independently that a 36-month sentence was appropriate there, based in part upon the fact that this gun was fired in a public place with people around. He ran those sentences consecutively, as the guidelines suggest that he should, so that there's a separate sanction both for the violation and for the underlying conduct. But the record, Your Honor, reflects that Judge Sullivan properly considered these issues separately. Unless you have any . . . What does the local rule say the assignment committee's authority is? Your Honor, it doesn't go into, I don't believe, the exact authority other than it is . . . I don't know if it has specific rules about the authority. It certainly has . . . the assignment committee's job is to ensure the distribution of cases properly within judges of the district. But in terms of the . . . In very general terms, it doesn't deal with a specific situation like this. Not that I'm aware of, Your Honor. When they become aware of two cases or anything like that. No, I believe that perhaps is why the assignment committee exists, to resolve questions like this, to decide how cases should be distributed in both civil and criminal contexts. But I don't believe that the local rules specify the functioning of the assignment committee specifically. Thank you. Thank you. Your rebuttal. So, a few small points in response to Judge Walker. The preferred method when a case has to be reassigned according to the rules is by lot. As opposed to a specific judge. So, for example, if a senior judge retires or a judge leaves . . . It makes sense to do that. I mean, you presumably would send both cases to one judge because they overlap. And the considerations are relevant to each case. Why would you send it to a new judge? Is that what you're suggesting? You asked about the rules of business for the southern district. And I'm responding that the preferred method, in general, is by lot. And that preserves the randomness and the appearance of impartiality. Presumably, that's why it's done. Now, there's an exception when it's a related case. And this Court has sometimes . . . For example, Newman recognized a situation where the government . . . Again, this was to Judge Sullivan . . . sought to take advantage of a charge that he had given in another case and other judges weren't given. And in the Court's opinion, which ultimately was changed by a subsequent Supreme Court case on the merits . . . And, I can say the government has said it's common. So, let me give you my own personal example. Tomorrow, I have a VOSR sentencing before Judge Sullivan. The original case was sentenced by Judge Engelmeyer. They weren't combined. And, it just fell through the cracks. No letter was written. Same southern district prosecutor in both cases. So, it's not inevitable that they do it. And obviously, I can't attribute a motive to anyone in this case, because I don't know the answer to that. So, that's one of the reasons why the rule talks about appearance. Because, it's almost impossible to give you a definitive answer that there was a lack of impartiality. Thank you. Thank you. Thank you both. Well, reserve decision.